UNITED STATES of America, Plaintiff,

v.

Kenneth James CALLAHAN and Donald Larson, Defendants.

Crim. No. 4–77–84.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 10, 1977.

Andrew W. Danielson, U. S. Atty., and Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Ronald I. Meshbesher, Meshbesher, Singer & Spence, Ltd., Minneapolis, Minn., for defendant Callahan.

Bruce Hartigan, Minneapolis, Minn., for defendant Larson.

DEVITT, Chief Judge.

Defendants move to dismiss the indictment claiming:

1. There is no federal jurisdiction because the interstate character of the alleged kidnapping is "sheer speculation" and the statute, 18 U.S.C. 1201, is unconstitutional because it contains a "presumption of federal jurisdiction," and

2. The government was guilty of prejudicial misconduct by preventing counsel for defendant Callahan from interviewing witnesses who attended a lineup, thus violating defendant's due process rights.

3. The unjustified pre-indictment delay has prejudiced defendants and denied them a speedy trial and due process of law.

1. It is up to the government to prove the interstate jurisdictional requirement of the statute. That must be done at trial. It is premature to determine whether the presumption of the interstate character of the kidnapping created by Sec. 1201(b) is constitutional. It does not yet appear that the government will attempt to prove the interstate character of the act or to rely upon the statutory presumption. This will appear at trial. If the government seeks to

rely on the presumption the question as to its constitutionality then can be determined.

■ 2. As to the claim of prejudicial misconduct violating Callahan's right to due process by preventing his counsel from interviewing witnesses at the lineup, the government does not deny that it would not permit defense counsel to interview its witnesses at that time. It claims that government officers were conducting the lineup and did not want interference at that time by Callahan's counsel interviewing the witnesses then. It argues there was no interference with Callahan's counsel interviewing witnesses following the lineup or doing so at any time before trial. The only authority cited by defendant, *Gregory v. United States*, 125 U.S.App.D.C. 140, 369 F.2d 185 (1966), is inapposite since defendant's access to witnesses has not been effectively barred.

3. Defendants' principal claim on this motion to dismiss is there has been unjustified pre-indictment delay and that this has prejudiced defendants and denied them the right to a speedy trial and due process of law. No record has been made in support of the claim of prejudice except counsel's affidavits.

■ Pre-indictment delay does not violate the speedy trial clause of the Sixth Amendment. The statute of limitations provides "the primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971).

■ The due process clause does play a limited role in protecting against oppressive delay. Here the government's position is that it did not previously indict defendants because it was continuing with its investigation up until the time of the return of the indictment. The Supreme Court held in June 1977 that "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *United States v. Lovasco*, ── U.S. ──, 97 S.Ct. 2044, 2052, 52 L.Ed.2d 752 (1977).

It is not claimed, and it does not appear, that there has been an intentional prosecutorial delay. Dismissal of the indictment may be required if defendants show at trial that pre-indictment delay caused substantial prejudice to their right to a fair trial and that the delay was an intentional device used by the government to gain a tactical advantage over the defendants. *United States v. Matlock*, 558 F.2d 1328 (8th Cir. 1977). But due process does not require a dismissal for pre-indictment investigative delay standing alone. *United States v. Lovasco, supra.*

The motion to dismiss is DENIED.